610 So.2d 272 (1992)
John DOYLE, Jr., Chief of Police for the City of Harahan
v.
The CITY OF HARAHAN and the Honorable Carlo R. Ferrera, Mayor of the City of Harahan.
No. 92-CA-587.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
Keary L. Everitt, Metairie, for plaintiffs/appellees.
Wayne D. Mancuso, Harahan, for defendants/appellants.
W.J. Leblanc, Jr., Gretna City Atty., Gretna, amicus curiae, in support of plaintiffs/appellees.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
WICKER, Judge.
The City of Harahan and its mayor, Carlo R. Ferrera, appeal a declaratory judgment in favor of John Doyle, Jr., Harahan's elected chief of police. The issue is the relative authority of the chief of police and mayor to control police department spending. We affirm.
The Lawrason Act, La.R.S. 33:404, grants the mayor the following pertinent authority:
(1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law....
. . . .
(4) To sign all contracts on behalf of the municipality.
(5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301 et seq. and any other supplementary laws and ordinances.
. . . .
(8) To sign warrants drawn on the treasury for money....
(9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2, and R.S. 33:423.3 (emphasis added).
The city and its mayor argue that this statute put the raising of revenue and expenditure of municipal funds in the hands of the city's elected representatives, i.e. the mayor and board of aldermen. They further argue that the reservation of power to the chief of police in La.R.S. 33:423 and 33:423.2 applies only to the appointment and discharge of police personnel, "subject to the budgetary limitations of the mayor and board of aldermen...."
*273 The chief of police concedes that the mayor and board of aldermen have the duty and authority to appropriate and budget funds for the various city functions, including the police department. Once that has been done, however, Mr. Doyle argues that the allocation of the budgeted monies among the various competing needs of the department is the province of its elected chief.
The city argues that the funds in question were borrowed in 1989 and collateralized with anticipated revenues from a one percent sales tax. It claims a resolution of the board of aldermen designated the proceeds to certain projects, including the renovation of an old post office into a police complex and the purchase of adjacent property to provide additional off-street parking for the complex. The building has apparently already been renovated; and the remaining funds, allegedly dedicated to the purchase of the parking lot, are the subject of the instant controversy.
Mr. Doyle prefers to spend the money on new police cars, a microfiche system, and funding for the Metro Drug Task Force. He refers us to Ordinance No. 997, which adopts a budget providing the police department with $160,000.00 in apparently unrestricted funds.
The judge ruled in Mr. Doyle's favor, noting the absence of jurisprudence on point and relying on an Attorney General's opinion of 1986.
Thus the mayor does not have the authority to control the expenditures of the police department. The chief of police has the inherent authority to control or administer the day to day operations of the police department. This inherent authority includes the authority to control and administer police department property and personnel, which includes police department funds. This inherent authority to control these funds is subject, however, to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriations authorized by a municipal ordinance enacted by the board of aldermen.
Attorney General Opinion No. 86-589.
We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. This is consistent with the Second Circuit's ruling, on other facts, in Cogswell v. Town of Logansport, 321 So.2d 774, 779 (La.App. 1975), that the chief of police has "the power to supervise the operation of the police department and assign its personnel and equipment...." He is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots. We affirm the judgment in favor of John Doyle, Jr., Harahan's chief of police, and against the City of Harahan and its mayor, Carlo R. Ferrera.
AFFIRMED.