Dear Mayor Martin:
You have requested an opinion of the Attorney General relative to your duties and responsibilities as they relate to the fiscal operations of the Town of Welsh (Town), a Lawrason Act municipality. You state that the Town's tax base is comprised of a 7 mill general alimony tax and a 1 cent sales tax, the latter of which is dedicated to streets, police and fire departments and recreation. The Town also generates revenues from the operation of its public utilities.
You further note that this year's police department budget will far exceed income from the sales tax revenues. Thus, public utility revenues will be used, as they are received, to supplement the budget. Public utility fund reserves have been gradually depleted. In response to this situation, you have issued an executive order to require your prior approval for any expenditures exceeding $500.00.
You specifically ask the extent to which you may exercise control over the expenditure of funds which have been budgeted and appropriated for expenditure to the elected chief of police.
The law applicable to this issue is found at LSA-R.S. 33:404
which grants the mayor the following authority:
 "(1) To supervise and direct the administration and operation of all municipal departments, offices and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law . . ."
 (4) To prepare and submit an annual operations budget and a capital improvement budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301, et seq. and any other supplementary laws and ordinances.
* * *
(8) To sign warrants drawn on the treasury for money . . . .
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
 B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police a set forth in R.S. 33:423, R.S. 33:423.2 and R.S. 33:423.3." (Emphasis added.)
As can be seen from the above, the Mayor has the power to supervise and direct the administration and operation of all municipal departments except a police department with an elected chief of police. Thus, the police department is not subject to the supervision and control of the Mayor, but rather the elected chief of police has supervision and control of his department, including its property and personnel.
This office has consistently opined that the chief's (or marshall's) authority under LSA-R.S. 33:423 to enforce all ordinances includes the granting of certain inherent powers which are necessary for him to effectively carry out his duties. In the case of Cogswell v. Town of Logansport, 321 So.2d 774
(La.App. 2nd Cir. 1974), the Court held that the general responsibility for law enforcement granted to a chief of police entails the power to supervise the operation of the department and assign its personnel and equipment, subject to the statutory authority exercisable by the mayor and board of aldermen. See also Lintini v. City of Kenner, 211 So.2d 311 (La. 1968) and Attorney General Opinion No. 86-589.
Attorney General Opinion No. 86-589, in addressing this issue, held:
 "Thus, the mayor does not have the authority to control the expenditures of the police department. The chief of police has the inherent authority to control or administer the day to day operations of the police department. This inherent authority includes the authority to control and administer police department property and personnel, which includes police department funds. This inherent authority to control those funds is subject, however, to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriation authorized by a municipal ordinance enacted by the board of aldermen." (Emphasis added.)
See also Attorney General Opinion Nos. 82-1004 and 93-405. The above opinion was cited favorably in the case of John Doyle, Jr., Chief of Police for the City of Harahan v. City of Harahan and the Honorable Carlo R. Ferrara, Mayor of the City of Harahan, 610 So.2d 272 (La.App. 5th Cir. 1992).
 "We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. This is consistent with the second Circuit's ruling, on other facts, in Cogswell v. Town of Logansport, 321 So.2d 774, 779 (La.App. 1975), that the chief of police has `the power' to supervise the operation of the police department and assign its personnel and equipment . . . .' He is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots. We affirm the judgment in favor of John Doyle, Jr., Harahan's chief of police, and against the City of Harahan and its mayor, Carlo R. Ferrara."
In summary, the chief has the inherent authority to control police department funds on a day-to-day operational basis. This authority is subject to said funds being budgeted and appropriated pursuant to municipal ordinance.
The preparation and submission of an annual municipal budget is governed by the statutory provisions comprising the "Louisiana Local Government Budget Act" (Budget Act). See R.S. 39:1301, et seq. The Act mandates that the municipality have a balanced budget. Sections 1302, 1309, and 1310 provide, in pertinent part, the following:
" § 1302. Definitions
For the purpose of this Chapter:
 (1) `Political subdivision' means a parish; municipality; school board; special district created pursuant to and under the authority of Section 16 or 19 of Article VI of the Louisiana Constitution of 1974; registrar of voters; or independently elected parish offices, including the office of assessor, clerk of district court, coroner, district attorney, sheriff, and judges, but only insofar as their judicial expense funds, as provided for in Title 13 of the Louisiana Revised Statutes of 1950.
 (2) `Governing authority' means the body which exercises the legislative functions of the political subdivision."
" § 1310. Budgetary authority and control
 A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures. The chief executive or administrative officer shall advise the governing authority or independently elected official in writing when:
 (1) Total revenue and other sources plus projected revenue and other sources for the remainder of the year, within a fund, are failing to meet total budgeted revenues and other sources by five percent or more.
 (2) Total actual expenditures and other uses plus projected expenditures and other uses for the remainder of the year, within a fund, are exceeding the total budgeted expenditures and other uses by five percent or more.
 (3) Actual beginning fund balance, within a fund, fails to meet estimated beginning fund balance by five percent or more and fund balance is being used to fund current year expenditures.
 B. The written notification as required by this Section as well as any responsive action taken by the governing authority or independently elected official shall be transmitted to and retained by the chief executive or administrative officer.
 C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year."
This office has previously opined in Attorney General Opinion No. 87-682 that municipalities are required by the Budget Act to prepare and submit a comprehensive budget for the municipality. The opinion concluded:
 "In that this budget is the document which authorizes expenditures from budgeted municipal funds, the expenditures and proposed appropriations for the police department should be indicated and designated as a line item in the municipal budget."
While the chief should be given the opportunity to submit input for purposes of budget preparation, it is clear from the statutes pertaining to Lawrason Act municipalities, and those comprising the Budget Act, that the authority to adopt and amend the budget is vested exclusively with the Mayor and Board of Aldermen. In other words, while the chief has exclusive control over the expenditure of his appropriated departmental funds, the mayor and board of aldermen have the statutory authority to amend the budget, thereby effecting, should circumstances warrant, a reduction in the police department budget. See Attorney General Opinion No. 93-666, a copy of which was faxed to you on Wednesday, June 15, 1994.
Trusting this answers your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb 0351R