Dear Chief Wiltz:
This office is in receipt of your request for an opinion of the Attorney General in regard to jurisdiction of the mayor's office with that of the chief of police. The Village of Parks is a Lawrason Act community, and you ask the following questions:
 1) What authority does the mayor have in the police department's budget and spending;
 2) Is it legal for fines and tickets of traffic violations to be allocated for the police department's budget or must it go into the general funds;
 3) Please mail me a copy of your latest Criminal Code Statute.
In answer to your first question we quote from Doyle v. Cityof Harahan, 610 So.2d 272 (La.App. 1992) as follows:
 We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. This is consistent with the Second Circuit's ruling, on other facts, in Cogswell v. Town of Logansport, 321 So.2d 774 (La.App. 1975), that the chief of police has `the power to supervise the operation of the police department and assign its personnel and equipment * * * .' He is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots.
In Atty. Gen. Op. No. 86-589 this office dealt with the mayor's authority to control the expenditures of the police department or use of police department funds. It was concluded the elected chief of police had inherent authority to operate, control and administer police department property and personnel. However, it was observed that this inherent authority is limited in its application by R.S. 33:462 that requires all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance. It was stated, "All warrants drawn on the treasury should express on its face to whom it was issued and for what purpose. The warrant must also cite, by minute book and page, the ordinance authorizing the issuance of the warrant."
A question similar to your second question was answered in Atty. Gen. Op. No. 92-720 wherein it was asked whether it would be legally permissible that fines collected for traffic and non-traffic violations be deposited into the Police Department Account. R.S. 33:422 was quoted as providing in pertinent part as follows:
 All fines and forfeitures shall be reported by the officer collecting the same, immediately after such collection, and be paid into the treasury.
Earlier opinions are cited which concluded that while the Chief of Police has no right to establish a fund into which he will deposit fines and forfeitures since it must go into the treasury, the village authority may establish and administer a Police Department Account. This was reaffirmed with the observation that this account should be maintained in accordance with generally accepted accounting principals, and questions regarding these principles should be directed to the Office of the Legislative Auditor.
We do not have the means or copies of the latest Criminal Code to furnish to law enforcement officials, but suggest you contact a university or other convenient book store to purchase these books.
We hope this sufficiently answers your questions.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR