Dear Chief Arceneaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to allocation of space in the building for the police department. You indicate the building housing the police department was built in 1969 and there was ample space for both the police department and civil defense. The Auxiliary Police is under the direction of the Chief of Police and the Civil Defense works under the Acadia Parish Civil Defense Director. The Auxiliary meets once a month at the City Court and the Auxiliary Board meets once a month in a office within the police building.
You feel the Auxiliary unit is taking up space you need for your officers but the Commander believes the Mayor has control over the allocation of space in the police building. You ask if you can require that the Civil Defense be relocated into another building.
Citing Lentini v. City of Kenner, 211 So.2d 311 (La. 1968) and Cogswell v. Town of Logansport,321 So.2d 774(La.App. 1975), that the general responsibility for law enforcement granted to a chief of police means the power to supervise the operation of the police department subject to the statutory authority exercisable by the mayor and board of aldermen. Having recognized the elected chief of police has authority to control city police property and assign personnel, it was stated in Atty.Gen.Op. No. 87-682, "Thus, it is the opinion of this office that the chief of police has the inherent authority to supervise and control his office, office equipment and office personnel." However, it was further observed, "A municipality is vested with the responsibility of managing the affairs of the municipality which includes the management and control of municipal property." It was observed that research did not reveal any provision which mandates a municipality provide or furnish the police department with vehicles although it should do so to enable the department to adequately perform its duties.
We would likewise conclude the municipality should provide sufficient office space for the efficient operation of the police department, but find no statutory mandate that such space must be provided, or that the building, beyond the portion dedicated for the police department, is controlled by the chief of police.
Moreover, while it is well established the chief of police has the power to control police property and assign personnel, we take this to mean property of the police department acquired through budgetary appropriations to the department. In Doylev. City of Harahan, 610 So.2d 272 (La.App. 1992), the court found once the governing authority has appropriated money for the police department, the authority to allocate these funds rests with the elected Chief of Police, noting he is in the best position to determine whether or not the department needs police cars or roof repairs, radio equipment or parking lots. However, we do not believe this exercise of authority extends to an entire building titled in the municipality of which a portion is allocated by the governing authority for police department use.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR