Dear Chief Hayes:
Our office is in receipt of your request for an Attorney General's opinion regarding the office of alderman. We will reiterate the facts presented in your request for clarification of this opinion. Specifically, you have informed our office that on January 9, 1995, a Henderson alderman resigned from office and since that date there has been no appointment made and/or special election held to fill the vacancy. The Town of Henderson has been operating under a four (4) member board of aldermen for fourteen months, rather than a five (5) member board. You have requested our opinion on the following questions:
 1. Can a town governed under the Lawrason Act operate with a four member board of aldermen, when there are five elected positions?
 2. Are the transactions that have been conducted by the Mayor and the four member board of aldermen legal?
 3. Is it legal to give a bonus to the town clerk and other employees with the money from the Town's general funds?
 4. Once equipment is purchased for the town's police force, can the Mayor and the board of aldermen take back this equipment and sell the equipment against the request of the Chief of Police?
 5. Who is responsible to assure that the citizens of the Town of Henderson have adequate police protection?
 Response to Question No. 1
A vacancy occurs in an elective office when the office is or will be unoccupied by reason of the officeholder's resignation. [R.S.18:581] Therefore, according to the facts presented in your opinion request, there is a vacancy in the office of alderman, Town of Henderson. The Town of Henderson does in fact operate under the Lawrason Act, R.S. 33:321 et seq. The Lawrason Act provides for the number of aldermen as follows:
 A. The number of aldermen in a city shall be not less than five nor more than nine; the number of aldermen in a town shall be five; and the number of aldermen in a village shall be three.
* * *
[Emphasis added, R.S. 33:382.]
A vacancy in the office of alderman is required by law to be filled pursuant to the Election Code, R.S. 18:602. Accordingly, it is the mandatory duty of the governing authority to make an appointment of a qualified person to fill the vacancy in the office of alderman, Town of Henderson. The law allows ten (10) days in which to make the appointment, and thereafter, mandates that the governor make the appointment if the governing authority fails to do so. Enclosed herein for your information and review is a copy of LSA-R.S. 18:602.
Additionally, if the unexpired term of the office is more than one year, the governing authority is required to issue a proclamation, within ten (10) days, ordering a special election to fill the vacancy and specify the election dates. If the governing authority fails at this task, again, the governor is required to issue the proclamation.
The Election Code, R.S. 18:602, uses the word "shall" with regard to the appointment to fill a vacancy and with regard to the issuance of a proclamation to call a special election when necessary. Therefore, it is our opinion that the governing authority of the Town of Henderson is under a mandatory duty to fill the vacancy in the office of alderman, and if they fail to perform, then it is the governor's responsibility.
Response to Question No. 2
In past opinions, our office has opined that in the case of a five member elected board of aldermen in a town constituted under the Lawrason Act, the required quorum for transaction of business is three and that a majority of a quorum can transact business. [Atty.Gen.Op. Nos. 77-1025, 74-1202.] A quorum is defined in LSA-R.S. 33:405(E) as a "majority of the members of the board of alderman." Additionally, R.S. 33:406 provides, in pertinent part:
 A. (1) Any law enacted by the board of alderman shall be by ordinance. . . No ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
 (2) Any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective.
* * *
Therefore, a law may be passed by the four (4) member board when an ordinance is adopted by the affirmative vote of three (3) members of the board. A resolution requires the affirmative vote of a majority of the members of the board present at the meeting, provided a quorum is present to conduct business. See also, Atty.Gen.Op. No. 93-381, enclosed herein, where our office opined that board action in the absence of a quorum is not legally valid.
Response to Question No. 3
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited by Louisiana Constitutional Article 7, § 14(A), as same would be tantamount to a donation. [Atty. Gen. Op. Nos. 95-440, 95-323, 92-295, 92-282, 89-190, 88-344 and 80-8056].
LSA-Const. Art. 7, § 14(A) provides, in pertinent part:
 Section 14.(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . .
* * *
Our past opinions rely on the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Whether payment of money is a donation or earned compensation is a factual determination.
Response to Question No. 4.
The courts have consistently held that the general responsibility for law enforcement granted to a chief of police entails the power to supervise the operation of the department and assign its personnel and equipment. Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 2 Cir. 1974); Doyle v. City ofHarahan, 610 So.2d 272 (La.App. 5 Cir. 1992). InCogswell, the court stated that the chief of police has "the power to supervise the operation of the police department and assign its personnel and equipment . . .". 321 So.2d at 779. And the Court in Doyle found that the chief of police "is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots." 610 So.2d at 273.
Therefore, it is our opinion that once funds are budgeted and appropriated pursuant to municipal ordinance by the mayor and alderman, the authority to purchase and retain equipment for the town's police force rests with the elected chief of police. [R.S.33:423, Atty.Gen.Op. Nos. 94-313 and 86-589.]
Response to Question No. 5
An elected chief of police has general responsibility for law enforcement in the municipality and is charged with the enforcement of all ordinances within the municipality and all applicable state laws. However, while he is required to make recommendations for the appointment of police personnel, for the promotion of officers, to effect disciplinary action and for dismissal of police personnel, the final authority for hiring and firing of police officers rests with the mayor and board of aldermen. [R.S. 33:423, Atty.Gen.Op. Nos. 94-73 and 95-9.]
We hope this opinion adequately answers all of your questions. If we can be of further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: _____________________________
ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
Enclosures
Date Received:
Date Released:
Angie Rogers LaPlace Assistant Attorney General