Dear Chief Vicknair:
You have asked for an opinion from this office regarding the right of the Mayor and Board of Alderman of the Town of Lutcher, a Lawrason Act municipality, to contract with the parish sheriff to provide law enforcement services to the Town and, in furtherance of that concept, to either cut the budget of the Chief of Police and divert those funds to the sheriff's contract or expand the budget of the Chief of Police and divert certain of those funds to the sheriff.
La. R.S. 33:404, which outlines the authority of the mayor and La. R.S. 33:423, which addresses the authority of an elected chief of police, must be read together. The mayor does not have the authority, under La. R.S. 33:404(1) to supervise and direct the administration and operation of a police department with an elected chief of police. He does, however, have the authority to set the budget for the department and to exercise "any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law". La. R.S. 33:404(4) and (9). Therefore, the chief of police is not subject to the supervision and control of the Mayor and has control of the department budget, once set. In the case ofJohn Doyle, Jr., Chief of Police for the City of Harahan v.City of Harahan and the Honorable Carlo R. Ferrara, Mayor of theCity of Harahan, 610 So.2d 272 (La.App. 5 Cir. 1992), the court held "that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police."
La. R.S. 33:423 grants the chief of police the authority to enforce all ordinances and all state laws within the municipal jurisdiction. This grant of authority carries with it certain inherent powers which are necessary for him to effectively carry out his duties. See, Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 2 Cir. 1974); Attorney General Opinion No. 86-589. There is no language in the statutes of the state that limit the authority of the chief of police as the chief law enforcement officer of the municipality, so the mayor and aldermen may not, by budgetary maneuvers, preempt the authority of the chief of police in favor of another law enforcement agency in the parish. Article 5, Section 27 of the 1974 Constitution establishes the office of sheriff and provides that the sheriff shall be "the chief law enforcement officer in the parish." This Article, read in conjunction with the Lawrason Act, makes it clear that any authority vested in municipal officials is retained by those officials and, as a result, the status of the sheriff as chief law enforcement officer of the parish is modified by the inherent powers of the chief of police of the Lawrason Act municipality. As the chief law enforcement officer of the town, the authority of the chief of police is at least equal to that of the sheriff. Consequently, the sheriff may not limit the authority or responsibility of the chief of police to enforce town ordinances and state laws within the boundaries of the municipality.
To answer the specific questions presented, the mayor does have the authority to contract with the sheriff for law enforcement services without the cooperation of the chief of police under the provisions of La. R.S. 33:404(9), cited above. This must be read in conjunction with the powers of the chief of police. If there is existing municipal law enforcement capable of performing adequate law enforcement for the town then the mayor and aldermen must fund it within their ability to do so. They cannot refuse to fund the chief of police in order to reserve those funds for a contract with the sheriff. If no adequate law enforcement exists in the town then the mayor and aldermen have a duty to the people to do all they can within the law to provide those services, which could, conceivably, include a contract with the sheriff. The chief of police has primary responsibility for law enforcement within the municipality and that cannot be usurped by the sheriff.
In answer to your second question, cutting a portion of the budget of the chief of police to fund a contract with the sheriff is similar to the situation above. However, in this case, it is clear that the town has the funds to allow the chief of police to operate so there is no legal justification for bringing the sheriff in to share in the law enforcement duties.
Finally, as to funding the chief of police but requiring that a portion of his budget be used to fund a contract with the sheriff, this would not be permissible since the mayor and aldermen have no authority to supervise or direct the operations of the chief of police. Once the budget is allocated, the chief of police controls the funds subject, however, to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriation authorized by a municipal ordinance enacted by the board of aldermen.
We hope this is responsive to your request, however should you have any questions of comments please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb
Date Received: Date Released:
ROBERT B. BARBOR Assistant Attorney General