Dear Chief Schexnayder:
This office is in receipt of your request for an opinion of the Attorney General as the elected Chief of Police in a Lawrason Act community. Your questions, in regard to equipment of the police department, are as follows:
 1. Once the city council has approved equipment to be purchased for the police department, does the council have the authority to take the equipment back from the police department without the Chief's approval while the equipment is still being used?
 2. Does the council have the authority to take designated equipment back from the police department without the Chief's approval if the equipment is not being used?
 3. Does the Chief of Police have full control over equipment that has been bought for the police department, and control over how this equipment is used?
There are numerous opinions of this office, Atty. Gen. Op. Nos 97-303, 94-313, 93-666, 93-446, 87-682, that are founded upon the jurisprudence of this state, Lentini v. City of Kenner,211 So.2d 311 (La. 196), Cogswell v. Town of Logansport, 321 So.2d 774
(La.App 1974), that the governing authority of a Lawrason Act community cannot revoke or impair the inherent powers of an elected chief of police. These powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment."
In Doyle v. City of Harahan, 610 So.2d 272 (La.App 1992), the court stated the following:
 We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police.
The Doyle case quoted the observation in Atty. Gen. Op. No. 86-589 that the inherent authority to control the police department funds is subject to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriations authorized by a municipal ordinance enacted by the board of aldermen. However, it was further noted and accepted in the Doyle case that the opinion had concluded that once funds are budgeted and appropriated the Chief of Police has operational control over the expenditures of his department within the perimeter of the appropriation. The court held the funds may be disbursed by the police department at its discretion in order to effectively maintain and control the department's operation. This was relied upon in Atty. Gen. Op. No. 93-666.
Based upon the jurisprudence of this state as recognized in opinions of this office, it must be concluded that once the city governing authority has approved the purchase of equipment and it has been obtained by the police department in accordance with proper municipal procedures, the council has no authority to take the equipment back from the police department without the chief of police's approval whether the equipment is being used or not. Unquestionably the elected chief of police has full control of the equipment acquired by the department.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR