Dear Mr. Merritt:
This office has received your opinion request of November 8, 1999, in which you present the following issue for our review:
 Is the Town Council of a Lawrason Act Town able to specify where the town-owned police vehicle is taken for maintenance?
The powers of a police chief are reserved by LA R.S.33:423, which states in part:
 The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement of all ordinances within the municipality and all applicable state laws.
LA R.S. 33:423
In Cogswell v. Town on Logansport, 321 So.2d 774, 778
(La.App. 2d Cir. 1975), the court held that the powers and duties of the police chief of a Lawrason Act municipality are not expressly defined by statute or by jurisprudence. These powers, often referred to as `inherent powers,' are those which are necessary for the police chief to carry out his duties. LA Att'y Gen. Op. 87-682.
"Because of the nature of his office, . . . he is the chief law enforcement officer of the City and, as such, has supervision of the police department." Lentini v. City of Kenner,211 So.2d 311, 312 (La. 1968). "The chief of police is the only official authorized to make decisions concerning disbursement of municipal funds allocated to the police department. LA Att'y Gen. Op. 98-469. See also Doyle v. City of Harahan, 610 So.2d 272 (La.App. 5th Cir. 1992), LA Att'y Gen. Op. 98-438, 95-275, 95-135, 94-538, 94-313, 93-666, 87-682, 86-589.
"[I]t is an established principle that the mayor and aldermen may not revoke the `inherent powers' of an elected chief of police of a Lawrason Act municipality." Cogswell v. Town onLogansport, 321 So.2d at 778. Absent the failure of the chief to comply with formal municipal purchasing procedures in making the "purchase," the refusal to pay an expenditure validly incurred by the chief constitutes an infringement upon the chief's inherent powers. LA Att'y Gen. Op. 98-469.
In LA Att'y Gen. Op. 84-190, this office held that even though police vehicles are municipal property, the chief of police has the inherent authority to control municipal police vehicles, including their repair and maintenance. However, because of the mayor's and the board of aldermen's statutory power to control and manage municipal property, they must legally designate and issue vouchers for the repair of the police vehicles. LA Att'y Gen. Op. 84-190.
In a previous opinion, this office held that, in a Lawrason Act community, neither the mayor nor the board of aldermen could designate where the police chief may spend police funds. LA Att'y Gen. Op. 83-257.
Therefore, it is the opinion of this office that having the mayor or board of aldermen designate where the police chief may obtain necessary maintenance on municipal police vehicles is an infringement on the police chief's inherent powers.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR.
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb