Dear Chief Breland:
This office is in receipt of your request for an opinion of the Attorney General relative to the refusal of the Board of Aldermen to pay certain bills incurred by the Sterlington Police Department. You state, "The Police Department has a line item which covers the payment of phone bills, pager bills", and with regard to this provision, you request clarification on the following issues:
 1. Does the Board of Alderman have authority to hold a vote to refuse to pay a bill that has been submitted to reimburse the Assistant Chief of Police for use of his cell phone for calls made for official police department business?
 2. My understanding of the budget process is that once a budget has been submitted and approved by the Board of Aldermen, they have no authority to impede the expenditure of such said funds.
 3. Did the Board of Aldermen violate their authority by holding a vote on whether to pay the bills submitted by the police department?
On numerous occasions this office has recognized that under R.S. 33:423
an elected chief of police has the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis, and has relied upon Doyle v. City of Harahan, 610 So.2d 272
(La.App 5 Cir 1992) for the conclusion that once the mayor and aldermen"have budgeted and appropriated money" for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police.
However, this office has further observed that the chief's inherent authority is limited by the requirement that the expenditure of police department funds be made only pursuant to, and in accordance with specific appropriations from the budget, and the use of purchase orders and warrants under R.S. 33:425 and R.S. 33:462. All warrants drawn on the treasury must express on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. As stated by this office in Atty. Gen. Op. 90-612:
 A budget does not authorize expenditures. Every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance. R.S. 33:462.
On the basis of your statement that the Police Department has a line item which covers the payment of phone bills and pager bills, we would have to conclude until there is an amendment to the budget, such expense would be payable when included within a valid appropriation. If there is a valid municipal appropriation for a budget item for the Police Department, there is no authority for the mayor or aldermen to interfere with the expenditure when properly sought by warrant on the treasury expressing on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. There is no discretion on the part of the Board of Aldermen to impede the expenditure of a valid expense within the budget appropriated for the police department.
However, the reason that payment was rejected is a question of fact about which this office has no information and is a matter it cannot resolve. If there is a question as to the validity of the expenditure, the legality of the action by the Board of Aldermen would have to be determined by a court.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr