Dear Mayor Wheat:
Prior to our response to your specific questions, note that the Village of French Settlement is a Lawrason Act municipality governed by the provisions of R.S. 33:321, et seq.
You advise that the police department receives grant monies from Local Law Enforcement Block Grant funds through the Capital District Law Enforcement Planning Council. You ask whether or not the board of aldermen have to approve those items requested by the chief of police for his department via the grant project.
Pursuant to R.S. 33:423[1], an elected chief of police has the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis. In Doyle v. City ofHarahan, 610 So.2d 272 (La.App. 5th Cir. 1992), the court concluded:
 We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate and expenditure of these funds rests with the elected chief of police. Doyle, supra, at page 273.
Also of importance is the court's ruling in Cosgwell v. Town ofLogansport, 321 So.2d 774 (La.App. 1975), wherein the court held that the chief of police has the "power to supervise the operation of the police department and assign its personnel and equipment . . ." Cogswell, at page 779. In reliance upon these cases, this office has previously concluded that the chief of police is in the best position to determine whether or not his department needs items as diverse as police cars or roof repairs, radio equipment or parking lots. See Attorney General Opinions 98-469, 97-203, 96-135, 95-135 and 94-538.
Thus, the chief of police may submit his request for items he deems necessary for the police department, without the approval of the board of aldermen.
The mayor may continue to sign the request for funds, insofar as this action is "necessary or proper for the administration of municipal affairs." See the law providing for the duties of the mayor, R.S. 33:404
in general and R.S. 33:404(A) (9) specifically.
Note that the inherent authority of the chief of police is limited in its application by R.S. 33:462, which requires that all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance. R.S. 33:462 provides:
 § 462. Expenditures pursuant to appropriation: warrants
 All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
Thus, the monies received from the grant project, along with the 10% match approved by the board of aldermen, which are allocated to the police department, are controlled by the chief of police insofar as these expenditures fall within the line item perimeters of the police department budget. The chief may exercise his authority via purchase orders and requisitions. However, R.S. 33:404 vests the authority for signing checks solely within the mayor as the executive officer and administrator of the municipality. See Opinion 98-469.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: September 25, 2001
[1] R.S. 33:423 provides, in pertinent part:
§ 423. Duties of marshal
A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance.