Dear Assistant Chief Ellington:
This office is in receipt of your request for an opinion of the Attorney General in regard to constraints by the mayor and city council for the City of Westwego on the expenditure of the funds in the budget of the Police Department. You ask the following questions:
 1. Does the mayor and/or the city council have the authority to oversee Police Department expenditures or does the responsibility rest solely with the Chief of Police?
 2. How does the City of Westwego Police Department's position relate to the precedent set in Doyle v. The City of Harahan with regard to the Chief of Police's authority to run the day-to-day operations of the Department?
 3. Can the mayor and city council establish operating procedures that far exceed the standards set forth by the state bid law? In other words, can the mayor and the city council set guidelines for expenditures and require a bid process that goes far and above the guidelines set forth in the state bid law?
 4. Does the state bid law or the City of Westwego's bid criteria with regard to Police Department expenditures bind the Chief of Police?
We note that R.S. 33:423.6 provides as follows:
 Notwithstanding the provisions of R.S. 33:423 or any other provision of law to the contrary, in and for the city of Westwego, the chief of police shall appoint and discharge police personnel subject to the budgetary limitation the mayor and board of aldermen pertaining to the number of allotted positions for the police department.
We make reference to this provision to recognize the exception of the general law pertaining to Lawrason Act communities for hiring and firing police personnel, but do not feel it answers your inquiry except insofar as it sets forth that the hiring is regulated by the budget limitation.
However, pertinent to your inquiry with regard to the authority of the mayor and city council to oversee the Police Department expenditures we find the observations by this office in Atty.Gen.Op. 01-216 pertinent wherein it provides as follows:
 On numerous occasions this office has recognized that under R.S. 33:423 an elected chief of police has the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis, and has relied upon Doyle v. City of Harahan, 610 SO.2d 272 (La.App. 5 Cir. 1992) for the conclusion that once the mayor and aldermen "have budgeted and appropriated money" for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police.
 However, this office has further observed that the chief's inherent authority is limited by the requirement that the expenditure of police department funds be made only pursuant to, and in accordance with specific appropriation from the budget, and the use of purchase orders and warrants under R.S. 33:423 and R.S. 33:462. All warrants drawn on the treasury must express on it's face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. As stated by this office in Atty.Gen.Op. 90-612:
 A budget does not authorize expenditures. Every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance. R.S. 33:462.
 * * * * If there is a valid municipal appropriation for a budget item for the Police Department, there is no authority for the mayor or aldermen to interfere with the expenditure when properly sought by warrant on the treasury expressing on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. There is no discretion on the part of the Board of Aldermen to impede the expenditure of a valid expense within the budget appropriated for the police department.
Thus, in response to your first question whether the governing authority can oversee the Police Department's expenditures, we find as stated hereinabove that the chief's inherent authority is limited by the requirement that the expenditure of Department's funds be made in accordance with specific appropriations from the budget by use of purchase orders and a warrant expressing on the face of the warrant to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant.
Relative to your question as to how the Westwego Police Department relates to Doyle v. City of Harahan, as noted in the quote herein above, "On numerous occasions this office has recognized under R.S. 33:423 an elected chief of police has the inherent power and authority to supervise and control his office and equipment and personnel on a day-to-day basis, and has relied upon Doyle v. City of Harahan, 610 So.2d 272(La.App. 5 Cir. 1992) for the conclusion that once the mayor and aldermen `have budgeted and appropriated money' for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police." This would be applicable to Westwego, having an elected Chief of Police, and governed by the Lawrason Act.
This office addressed the authority of the Chief to have operational control over the expenditures of his department within the line item perimeters of his budget" in Atty.Gen.Op. 93-666, noting it is an issue addressed in the Doyle case which favorably cited Atty.Gen.Op. 86-589 in it's decision. This office then quoted Atty.Gen.Op. 83-257 which stated, "It is the opinion of the office that when the funds are specifically appropriated by the mayor and board of Aldermen to the police department, those funds may be disbursed by the police department at its discretion in order to effectively maintain and control that department's operation."
However, in Atty.Gen.Op. 93-666 this office further observed with regard to preparation of a comprehensive budget for the municipality that "the expenditures and proposed appropriations for the police department should be indicated and designated as a line item in the municipal budget", but recognized "that the authority to adopt and amend the budget is vested exclusively with the Mayor and Board of Aldermen (i.e, Council)." It was then stated to the Chief of Police, "Therefore, you, in your capacity as Chief, are not authorized to make line item adjustments within the municipality's budget thereby effecting an amendment thereto." It was pointed out that the Mayor and Council may decrease the funds originally budgeted to the police department by a budget amendment proposed and adopted pursuant to R.S. 39:1309 and 1310.
Your final questions are in regard to the governing authority's power to establish operating procedures that exceed the standards of the state bid law, and if so, would the state bid law or the City's criteria bind the Chief of Police. We must conclude while the state bid law will always apply, the governing authority has the power to enact an ordinance that would require its various departments to proceed by bid under circumstances more restrictive than the state bid law. However, without such an ordinance we would conclude that only the state bid law would apply.
Relative to this point, in Atty.Gen.Op. 01-280 this office explained that a line item is a sum of money dedicated to a specific purpose in a duly adopted budget, and those monies which have been approved by the council for certain budgetary items are to be used for that which they were appropriated, and cannot be used for non-related items. Then, in response to the question if a line item in the budget can be expended without receiving bids, this office stated that R.S. 33:462 requires that all expenditures be pursuant to a specific appropriation and be made in compliance with the Public Bid Law, but stated that "it is important to note that the Public Bid Law does not require bids for all transactions." Despite this observation this office stated, "However, the City Council may impose requirements on expenditures which are not required by state law and if such action was taken with regard to appropriation for recycling services, it would be a prerequisite to the expenditure of those funds."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RELEASED: January 3, 2003