Dear Chief Perkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to control of the purchase order book for the Police Department. You ask whether an elected Chief of Police in a Lawrason Act municipality who is given a budget to manage can be allowed to keep his own purchase order book rather than the current method of being controlled and issued by the City.
In Atty. Gen. Op. 02-450 this office replied to an inquiry with regard to the authority of the mayor and city council to oversee the Police Department expenditures and found Atty. Gen. Op. 01-216 pertinent wherein it provided as follows:
 On numerous occasions this office has recognized that under R.S. 33:423 an elected chief of police has the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis, and has relied upon Doyle v. City of Harahan, 610 So.2d 272, (La.App 5 Cir. 1993) for the conclusion that once the mayor and aldermen "have budgeted and appropriated money" for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police.
 However, this office has further observed that the chief's inherent authority is limited by the requirement that the expenditure of police department funds be made only pursuant to, and in accordance with specific appropriations from the budget and the use of purchase orders and warrants under R.S. 33:423 and R.S. 33:462. All warrants drawn on the treasury must express on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. As stated by this office in Atty. Gen Op. 612:
 A budget does not authorize expenditures. Every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance. R.S. 33:462
 * * * * If there is a valid municipal appropriation for a budget item for the Police Department there is no authority for the mayor of aldermen to interfere with the expenditure when properly sought by warrant on the treasury expressing on its face to whom it was issue. There is no discretion on the part of the Board of Aldermen to impede the expenditure of a valid expense within the budget appropriated for the police department.
 Thus, a response to your first question whether the governing authority can oversee the Police Department's expenditures, we find as stated hereinabove that the chief's inherent authority is limited by the requirement that the expenditure of Department's funds be made in accordance with specific appropriations from the budget by the use of purchase orders and a warrant expressing on the face of the warrant to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant.
Therefore, we must conclude that the City Council has control of the Police Department expenditures to the extent set forth hereinabove.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: July 11, 2003