Dear Chief Burnett:
We are in receipt of your correspondence to this office, in which you ask the following question: May the mayor of a Lawrason Act municipality order a police officer to issue an animal control citation? For the following reasons, our response is in the negative.
The Village of Estherwood is governed by the provisions of the Lawrason Act, R.S. 33:361, et seq. Estherwood has a mayor whose duties are set forth in R.S. 33:404, which pertinently provides:
§ 404. Duties of mayor
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
(4) To sign all contracts on behalf of the municipality.
 (5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301
et seq. and any other supplementary laws or ordinances.
 (6) To represent the municipality on all occasions required by state law or municipal ordinance.
 (7) To be the keeper of the municipal seal and affix it as required by law.
 (8) To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and complete record of all such warrants.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
 B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2, and R.S. 33:423.3. (Emphasis added).
The elected chief of police has certain powers as set forth in R.S. 33:423, providing:
§ 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3. (Emphasis added).
As R.S. 33:423 quoted above indicates, an elected chief of police in a Lawrason Act municipality is given the general responsibility for law enforcement.
An elected chief of police has, pursuant to R.S. 33:423, the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis. In Cogswell v.Town of Logansport, 321 So.2d 774 (La.App. 1975), the court held that the chief of police has the "power to supervise the operation of the police department and assign its personnel and equipment. . ." Cogswell, at page 779.
Thus, in our opinion, the mayor's directive to a police officer to issue a citation would infringe upon the chief of police's inherent power to supervise the operation of his department. This inherent power includes the power to supervise police personnel.
You further advise in your letter that funds for animal control have been allocated to the police department by the mayor and board of aldermen. It is appropriate here to cite jurisprudence governing an elected chief of police, the mayor, and the board of aldermen concerning expenditures of monies designated for use by the police department. In Doyle v. City of Harahan,610 So.2d 272 (La.App. 5th Cir. 1992), the court concluded:
 We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. Doyle, supra, at page 273.
Once funds are allocated the police department, the chief of police and not the mayor retains control over said funds. Thus, having been approved as part of the police department budget, these funds are subject to administration by the chief of police.
Please also note that in general a police officer has discretion in determining whether or not reasonable grounds exist for a misdemeanor arrest and that he may issue a citation for an animal control violation in lieu of arrest. See C.Cr.P. Art 213[1]
C.Cr.P. Art 211.[2]
A police officer may not ignore or neglect his duty to issue citations for animal control violations, as such could prove violative of R.S. 14:134[3] concerning malfeasance in office.
Finally, please note that there is a great distinction between the authority of an elected chief of police and a chief of police who holds an appointed office. In the latter situation, the mayor administers the police department and may compel a police officer to follow "a reasonable directive of the mayor." See Attorney General Opinions 01-327 and 01-407, copies enclosed.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: _____________________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Art. 213. Arrest by officer without warrant; when lawful
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be
arrested has committed an offense, although not in the presence of the officer; or
(4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense.
A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest.
[2] Art. 211. Summons by officer instead of arrest and booking
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, or for a felony charge of theft or illegal possession of stolen things when the thing of value is one hundred dollars or more but less than five hundred dollars, he may give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
(4) If an officer issues a summons for a felony described in this Paragraph, the officer issuing the summons shall ascertain that the person has no prior criminal convictions.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.
[3] § 134. Malfeasance in office
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
OPINION NUMBER 01-327
September 20, 2001
77 Officers — Local Municipal R.S. 33:381
R.S. 33:423
Discusses authority of Mayor of Cheneyville over the appointed Chief of Police and his Department.
Mayor Robert L. Cox, Jr. Town of Cheneyville P.O. Box 322 Cheneyville, LA 71325