Dear Mr. Wimberley:
You have requested an opinion from our office in your capacity as attorney for the town of Church Point. You advise that the town operates under the Lawrason Act and that the board of aldermen are seeking opinions on the following issues.
 1. Does the mayor and board of aldermen have the authority to reasonably restrict use of police department vehicles outside the town corporate limits. The issue arises from the chief of police allowing some of his officers to use police vehicles to drive to and from their out-of-town homes.
 2. The police department has a "drug" dog. Because the town is a partner in a parish wide "Drug Task Force", it does not feel that this dog is necessary for the town's police operations. Does the board of aldermen have the authority, without the necessity of approval or request by the Chief of Police, to declare that the dog is surplus property and have the town sell the dog?
To address the first issue dealing with use of police department vehicles, this office stated in Attorney General Opinion 00-389, "it is an established principle that the mayor and alderman may not revoke the `inherent powers' of an elected Chief of Police of a Lawrason Act municipality to operate, control and administer police department personnel. This inherent authority, however, applies only to the official law enforcement use of municipal police vehicles."
It is therefore our conclusion that the mayor and the board of aldermen have the authority to restrict the use of police department vehicles outside the town corporate limits and such would not infringe on the chief of police's inherent powers. It should be noted, however, that there have been numerous opinions issued by our office authorizing the twenty-four hour use of a police vehicle within and outside town corporate limits when in the exercise of official duties such as being "on call" in case of emergency. The mayor and the board of aldermen may restrict the use of motor vehicles for official business of the town, but must recognize that those "on call" using the vehicle to travel to and from home are not using the vehicle for personal use.
With respect to your second question dealing with "drug" dog, it has consistently been the opinion of this office that an elected chief of police has, pursuant to La. R.S. 33:423, the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day operational basis. InDoyle v. City of Harahan, 610 So.2d 272 (La.App. 5Cir. 1992), the Court held, "that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police."
This office has also observed, however, that the inherent authority of a chief of police is limited in its application by operation of certain statutory authorities granted the mayor and board of aldermen. Thus, for example, a chief of police is subject to the requirement that the expenditure of police department funds be made only pursuant to, and in accordance with, specific appropriations from a budget approved by the governing authority. Please see La. R.S. 33:462 and Attorney General Opinion Numbers 97-203, 95-275, 95-135 and 94-538.
So to specifically address your question, the board of alderman do not have the authority to declare the "drug" dog surplus property and sell the dog but could by specific budgetary appropriations limit funding for the continued maintenance and use of the "drug" dog.
We hope that this sufficiently answers your inquiry. Should you have further questions or need further assistance, do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR. Assistant Attorney General