Dear Chief Simien:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You advise that you are the elected police chief in Maringouin, which is a Lawrason Act municipality.
Specifically, you ask:
 1) What are the rights of the police chief regarding the hiring and firing of employees?
 2) What rights and powers do the police chiefs have over their police departments, employees, and municipalities?
 3) Does the police chief have the power to contract private services of an individual to perform office duties when the town council has determined that the police chief can't have a police clerk on the payroll?
 4) Is there a legislative act giving the police chief authority to hire and fire without the consent of the town council?
 5) Is it legal for the town council to decide that the police chief can't have a police clerk for his department?
 6) What control does the police chief have over his budget once it is appropriated to the department?
The answer to your first question is found in La.R.S. 33:362(A)(3) and33:423, and was also recently addressed by the Louisiana Supreme Court in Grant v. Grace, 870 So.2d 1011 (La. 4/14/04).
 La.R.S. 33:362(A)(3) provides: *Page 2 
 Subject to law, including R.S. 423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
Likewise, La.R.S. 33:423 provides in pertinent part:
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed. [Emphasis added]
Thus, under La.R.S. 33:423, the chief of police, in addition to the general duty to provide law enforcement for the municipality, isrequired to recommend to the mayor and board of aldermen for the appointment of officers, promotion of police officers, disciplinary action against officers and the dismissal of officers. Grant, 870 So.2d at 1016. After the police chief makes his recommendation regarding such matters, the town council and the mayor are empowered to make the final determination of what action to take regarding the police department employee. Id. An important corollary of this statute is the fact that the employee of a police department with an elected chief of police in a Lawrason Act municipality can't be terminated by the mayor and board of aldermen without the recommendation of the chief of police. Lee v.Grimmer, 775 So.2d 1223 (La.App. 1 Cir. 12/22/00).
Your second question asks what rights and powers the police chief has over the police department, its employees, and the municipality in which it is located. As stated in R.S. 33:423 above, the police chief has "general responsibility for law enforcement in the municipality," and is charged with enforcing all applicable ordinances and state laws and other duties required of him by ordinance. This office has long recognized that under R.S. 33:423 an elected police chief has the inherent power and authority to supervise and control his office, equipment, and personnel on a day-to-day basis. La. Atty. Gen. Op. No. 01-216. Further, once the mayor and aldermen "have budgeted and appropriated money" for the police department, the authority to allocate the expenditure of these funds rests with the *Page 3 
elected chief of police. Doyle v. City of Harahan, 610 So.2d 272
(La.App. 5 Cir. 1992).
Your third question asks whether the police chief has the power to contract privately for someone to perform office duties at the police department. In short, the answer is no. It has been determined that all employees of the police department, including part-time and auxiliary officers, are included in the term "police personnel." Op.Atty.Gen., No. 99-48. Consequently, because the mayor and town council have the ultimate authority in hiring and firing "police personnel", which includes administrative and other workers, the police chief is not empowered to contract privately for the performance of office duties.
Your fourth question asks whether there is a legislative act giving the police chief the authority to hire and fire without consent of the town council. As detailed above, there exists no statutory authority for the police chief to make personnel decisions independent of the mayor and town council.
Your fifth question asks whether it is legal for the town council to determine that the police department can't hire a police clerk for the department. In Attorney General Opinion Number 80-1280, this office made the following comment with regard to the inherent powers of the police department:
 [I[n Cogswell v. Town on Logansport, 321 So. 2d 774, 78 (La.App. 2d Cir. 1975), the court held that the powers and duties of the police chief of a Lawrason Act municipality are not expressly defined by statute or by jurisprudence. These powers, often referred to as `inherent powers', are those which are necessary for the police chief to effectively carry out his duties. The general responsibility for law enforcement granted to a Chief of Police extends only to the law enforcement function.
 This office has repeatedly observed that the Chief of Police, because of the nature of his office and his position as chief law enforcement officer of the City, has the inherent power or authority to supervise and direct the administration and day to day operations of the police department and assign its personnel and equipment. This includes assigning a police department vehicle to himself and his officers for police work.
 It is an established principle that the mayor and alderman may not revoke the `inherent powers' of an elected Chief of Police of a Lawrason Act municipality to operate, control, and administer police department property and personnel. Cogswell, 321 So.2d at 778." *Page 4 
As noted above, it is clear that the mayor and town council have final discretion in hiring and firing for the police department. They are not empowered, however, to interfere with the police chief's "inherent powers," which includes the day to day operations of his department. Thus, although the mayor and town council are ultimately responsible for determining who is hired by the police department, they have no authority to dictate the functions and responsibilities of police department employees. Accordingly, the tasks assigned by the police chief to individual police department employees is solely within the police chiefs discretion, and if the police chief chooses to assign clerical tasks to any one of his employees, it is within his discretion to do so.
Your final question inquires as to the amount of control that the police chief exercises over police department expenditures once the budget has been appropriated by the mayor and town council. As noted above, the police chief retains the authority to allocate the expenditure of funds budgeted and appropriated by the mayor and the town council. However, it has been determined that the chiefs inherent authority regarding the expenditure of appropriated monies is limited by the requirement that the expenditure of police department funds be made only pursuant to, and in accordance with specific appropriations from the budget, and the use of purchase orders and warrants under R.S. 33:425 and 33:462. (La. Atty. Gen. Op. No. 01-216).
As stated by this office in Atty. Gen. Op. 01-216:
 All warrants drawn on the treasury must express on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant. . . A budget does not authorize expenditures. Every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance. (citing La. Atty. Gen. Op. 90-612)
Therefore, once the budget is appropriated, while the police chief is empowered to allocate the expenditure of funds that are budgeted and appropriated by the mayor and town council, the chief of police must comply strictly with the appropriations made by the mayor and town council in making those expenditures. However, once the town council appropriates a budget for the police department, they have no discretion to impede the expenditure of a valid expense within that budget. (La. Atty. Gen. Op. No. 01-216). *Page 5 
We trust this sufficiently answers your questions. However, if you should need further information, please do not hesitate to contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_____________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General
 CCF, Jr./CHB, Jr./kb